IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. GEORGE and JENNIFER H. GEORGE,<br><br>    Plaintiffs,<br><br>  v.<br><br>USAA CASUALTY INSURANCE COMPANY, and DOES 1 through 100,<br><br>    Defendants. | 2:06-cv-0674-GEB-PAN(JFM)<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

The status (pretrial scheduling) conference scheduled in this case for June 19, 2006, is vacated since the Joint Status Report ("JSR") submitted by the parties indicates that the following Order should issue.

DOE DEFENDANTS

The JSR indicates that the identities of any "Doe" defendants are expected to be discovered by September 30, 2006. Plaintiff has until September 30, 2006, to file a motion in which leave is sought under Fed. R. Civ. P. 15(a) to file an Amended Complaint which could add a party to this action. The motion must be noticed for hearing on the Court's earliest available law and motion

date.  If leave is not sought as stated, this will automatically effectuate dismissal of Does 1 through 100 from this action.

### ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If Plaintiff substitutes a named defendant in place of a Doe defendant, a copy of this Order shall be served on that defendant concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order," which request is not required to meet the good cause standard, provided it is made within this 30-day period.

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

No further service is permitted, except with leave of Court, good cause having been shown.

No further joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown.

### DISCOVERY

All discovery shall be completed by March 14, 2007.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with or, alternatively, the time allowed for such compliance shall have expired.[1]

---

[1]     The parties are advised that the Magistrate Judges in the
(continued...)

2

1    Each party shall comply with Federal Rule of Civil Procedure
2 26(a)(2)'s initial expert witness disclosure and report requirements
3 on or before October 16, 2006, and with the rebuttal expert
4 disclosures authorized under the Rule on or before November 16, 2006.

## MOTION HEARING SCHEDULE

7    The last hearing date for motions shall be May 14, 2007, at
8 9:00 a.m.[2]

9    Motions shall be filed in accordance with Local Rule 78-
10 230(b).  Opposition papers shall be filed in accordance with Local
11 Rule 78-230(c).  <u>Failure to comply with this local rule may be deemed
12 consent to the motion and the Court may dispose of the motion
13 summarily.</u>  <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994).
14 Further, failure to timely oppose a summary judgment motion may result
15 in the granting of that motion if the movant shifts the burden to the
16 nonmovant to demonstrate a genuine issue of material fact remains for
17 trial.  <u>Cf.</u> <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

18    Absent highly unusual circumstances, reconsideration of a
19 motion is appropriate only where:

---

[1](...continued)
Eastern District are responsible for resolving discovery disputes.  <u>See</u>
Local Rule 72-302(c)(1).  Accordingly, counsel shall direct all
discovery-related matters to the Magistrate Judge assigned to this case.
A party conducting discovery near the discovery "completion" date runs
the risk of losing the opportunity to have a judge resolve discovery
motions pursuant to the Local Rules.

[2]    This time deadline does not apply to motions for continuances,
temporary restraining orders, emergency applications, or motions under
Rule 16(e) of the Federal Rules of Civil Procedure.

3

1             (1)  The Court is presented with newly discovered evidence
2    that could not reasonably have been discovered prior to the filing of
3    the party's motion or opposition papers;
4             (2)  The Court committed clear error or the initial decision
5    was manifestly unjust; or
6             (3)  There is an intervening change in controlling law.
7    A motion for reconsideration based on newly discovered evidence shall
8    set forth, in detail, the reason why said evidence could not
9    reasonably have been discovered prior to the filing of the party's
10   motion or opposition papers.  Motions for reconsideration shall comply
11   with Local Rule 78-230(k) in all other respects.
12           The parties are cautioned that an untimely motion
13   characterized as a motion in limine may be summarily denied.  A motion
14   in limine addresses the admissibility of evidence.

## FINAL PRETRIAL CONFERENCE

17           The final pretrial conference is set for July 9, 2007, at
18   1:30 p.m.  The parties are cautioned that the lead attorney who WILL
19   TRY THE CASE for each party shall attend the final pretrial
20   conference.  In addition, all persons representing themselves and
21   appearing in propria persona must attend the pretrial conference.
22           The parties are warned that non-trialworthy issues could be
23   eliminated *sua sponte* "[i]f the pretrial conference discloses that no
24   material facts are in dispute and that the undisputed facts entitle
25   one of the parties to judgment as a matter of law."  Portsmouth Square
26   v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
27           The parties shall file a JOINT pretrial statement with the
28   Court not later than seven (7) days prior to the final pretrial

4

conference.[3] The joint pretrial statement shall specify the issues for trial. The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference."). The final pretrial order supersedes the pleadings and controls the facts and issues which may be presented at trial. Issues asserted in pleadings which are not preserved for trial in the final pretrial order cannot be raised at trial. Hotel Emp., et al. Health Tr. v. Elks Lodge 1450, 827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the pretrial order are eliminated from the action."); Valley Ranch Dev. Co. v. F.D.I.C., 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an issue omitted from the pretrial order is waived, even if it appeared in the pleading); cf. Raney v. District of Columbia, 892 F. Supp. 283 (D.D.C. 1995) (refusing to modify the pretrial order to allow assertion of a previously-pled statute of limitations defense); Olympia Co. v. Celotex Corp., 597 F. Supp. 285, 289 (E.D. La. 1984) (indicating that "[a]ny factual contention, legal contention, any claim for relief or defense in whole or in part, or affirmative matter not set forth in [the pretrial statement] shall be deemed . . . withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

---

[3] The failure of one or more of the parties to participate in the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file the document in accordance with this Order. In the event a party fails to participate as ordered, the party or parties timely submitting the document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

### TRIAL SETTING

Trial is set for October 10, 2007, commencing at 9:00 a.m.

### MISCELLANEOUS

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

Dated: June 6, 2006

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge